IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA LABELLE, as Personal Representative of the ESTATE OF AZARIAH LABELLE,<br><br>Plaintiff,<br><br>v.<br><br>WAUBAY HOUSING ASSOCIATION, INC. and STEFFENSEN PROPERTY MANAGEMENT, LLC<br><br>Defendants. | CIVIL ACTION FILE NO. 23-1016<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, the Plaintiff, ESTATE OF AZARIAH LABELLE, by and through its attorney of record, Thomas L. Sannes of the law firm of Delaney, Nielsen & Sannes, P.C. of Webster, South Dakota, and for its cause of action against the Defendants states and alleges as follows:

### PARTIES

1. On April 10, 2023, Azariah Labelle died at the age of three years old due to smoke inhalation and thermal burns sustained in a house fire.

2. Azariah is survived by his mother, Jessica Labelle, and his father, Aaron Christenson-Hinze.

3. Jessica Labelle (hereinafter, "Jessica" or "Jessica Labelle"), as the surviving mother of Azariah Labelle, has been appointed as the personal representative of the Estate of Azariah Labelle (hereinafter, "Plaintiff") pursuant to SDCL § 29A-3-301, *eq seq*.

4. At all times relevant hereto, Jessica Labelle resided at 221 N. Oak Street, Waubay, South Dakota 57273 (the "Property").

5. Specifically, Jessica resided in Apartment #1 at the Property (hereinafter, "Labelle Residence") with her three minor sons, Arrow, Samuel, and Azariah.

6. Apartment #1 is a one-bedroom apartment in the Property.

7. The Property contains four separate apartments.

8. Defendant Waubay Housing Association, Inc. (hereinafter, "Defendant WHA") owns the Property.

9. Defendant WHA is a corporation organized under the law of the State of South Dakota with its principal place of business located at 104 E. Ash Street, Arlington, SD 57212.

10. Defendant WHA may be served at the office of its registered agent Sarah Steffensen, 104 E. Ash Street, Arlington, SD 57212.

11. Defendant WHA retained Defendant Steffensen Property Management, LLC (hereinafter "Defendant Steffensen") to perform property management services at the Property.

12. Defendant Steffensen is a limited liability company organized under the laws of the State of South Dakota with its principal place of business located at 104 E. Ash Street, Arlington, SD 57212.

13. Defendant Steffensen may be served at the office of its registered agent Sarah Steffensen, 104 E. Ash Street, Arlington, SD 57212.

14. Jessica Labelle leased the Labelle Residence from Defendants. A true and correct copy of Jessica Labelle's lease is attached hereto as **Exhibit A** (hereinafter, the "Lease").

15. Upon information and belief, Defendant Steffensen was acting as an agent for Defendant WHA when it entered into the Lease with Jessica Labelle.

## JURISDICTION AND VENUE

16. On April 1, 2011, Defendant WHA entered into a real estate mortgage for the Property with the United States Department of Agriculture pursuant to Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*). A true and correct copy of the April 1, 2011 mortgage is attached hereto as **Exhibit B** (hereinafter, "Real Estate Mortgage").

17. The Real Estate Mortgage constitutes a multi-family housing direct loan pursuant to Title V of the Housing Act of 1949.

18. Defendant WHA entered into the Real Estate Mortgage for the purpose of operating the Property as a rural, rental, multi-family housing facility pursuant to Title V of the Housing Act of 1949.

19. The Real Estate Mortgage subjects the Property to Title V of the Housing Act of 1949 and certain regulations of the United States of America promulgated by the Secretary of Agriculture.

20. Specifically, the Property must comply with the Secretary of Agriculture regulations applicable to Direct Multi-Family Housing Loans and Grants promulgated at 7 C.F.R. Part 3560, *et seq.*

21. Furthermore the Property is subjected to the Secretary of Agriculture regulations based on Defendants and Jessica Labelle entering into the Lease pursuant to 7 C.F.R. Part 3560, *et seq.*

22. Defendants' violations of Title V of the Housing Act of 1949 and 7 C.F.R. Part 3560, *et seq.*, as alleged herein, constitute civil causes of action under the law of the United States. As such, this Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

23. This Court has jurisdiction over Plaintiff's state law claim alleged herein pursuant to 28 U.S.C. § 1367.

24. Defendants are subject to general personal jurisdiction in the State of South Dakota.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

26. On April 10, 2023, a fire occurred in the Labelle Residence (hereinafter, the "Fire").

27. The South Dakota Department of Public Safety, Division of Emergency Services investigated the origin and cause of the Fire.

28. The South Dakota Department of Public Safety, Division of Emergency Services determined that the Fire originated in the bedroom of the Labelle Residence.

29. The South Dakota Department of Public Safety, Division of Emergency Services concluded that the cause of the Fire was "undetermined."

30. A true and correct copy of the South Dakota Department of Public Safety, Division of Emergency Services Incident Summary Report is attached hereto as **Exhibit C**.

31. At the time of the Fire, there was no fire alarm system in the Property, or the fire alarm system in the Property did not operate properly.

32. At the time of the Fire, there was no automatic sprinkler system in the Property, or the automatic sprinkler system in the Property did not operate properly.

33. At the time of the Fire, there was no single-station smoke alarm in the bedroom of the Labelle Residence, or the single-station smoke alarm in the bedroom of the Labelle Residence did not operate properly.

34. At the time of the Fire, there was no single-station smoke alarm in the hallway corridor outside the bedroom of the Labelle Residence, or the single-station smoke alarm in the hallway corridor outside the bedroom of the Labelle Residence did not operate properly.

35. The Fire trapped Azariah Labelle in the bedroom of the Labelle Residence.

36. At the time of the Fire, Jessica Labelle was located in the living room of the Labelle Residence with her son Samuel.

37. Jessica received notice of the Fire from her son Arrow.

38. Jesssica did not receive notice of the Fire from a fire alarm system or any single-station smoke alarms.

39. When Jessica received notice of the Fire from Arrow, she rushed Arrow and Samuel out of the apartment.

40. She then ran back into the apartment and opened the bedroom door in search of Azariah.

41. At that time, the bedroom of the Labelle Residence was fully involved in fire.

42. Jessica attempted to put the Fire out with water from the hallway bathroom, but was unsuccessful.

43. Jessica ran outside the apartment and attempted to break the window of the apartment bedroom, but was unsuccessful.

44. Upon information and belief, Azariah Labelle was attempting to escape the Fire through the bedroom window, but was unable to do so.

45. By the time that the fire department arrived at the Property and was able to enter the Labelle Residence, Azariah Labelle had perished as a result of the Fire.

46. At all times relevant hereto, Defendants owned the Property and exercised absolute control over the maintenance, upkeep, inspection, fire safety installations, and repair of the Property.

47. Defendants knew or should have known that there was no fire alarm system in the Property, or that the fire alarm system in the Property did not operate properly.

48. Defendants knew or should have known that there was no automatic sprinkler system in the Property, or that the automatic sprinkler system in the Property did not operate properly.

49. Defendants knew or should have known that there was no single-station smoke alarm in the bedroom of the Labelle Residence, or that the single-station smoke alarm in the bedroom of the Labelle Residence did not operate properly.

50. Defendants knew or should have known that there was no single-station smoke alarm in the hallway corridor outside the bedroom of the Labelle Residence, or that the single-station smoke alarm in the hallway corridor outside the bedroom of the Labelle Residence did not operate properly.

51. Defendants failed to warn or adequately warn Jessica Labelle of the extremely dangerous conditions at the Property alleged herein.

52. Defendants failed to take any action to remediate the dangerous conditions at the Property despite actual knowledge of those dangerous conditions.

53. At all times relevant hereto, Defendants had the non-delegable duty and responsibility to ensure that the Property, the Labelle Residence, and its occupants were reasonably safe from foreseeable harm; advise, discuss, inform, counsel, repair, and/or replace any improperly installed or maintained, fire alarm system, single-station smoke alarms, fire suppression systems, or any dangerous

conditions that prevented persons from safely exiting the Property; and make all repairs and do whatever is reasonably necessary to put and keep the Property in a safe, fit, and habitable condition, including removing, preventing, or warning of conditions that cause, create, or contribute to fires or the spread of fire or prevent persons from receiving a warning of a fire.

## COUNTS

### COUNT I – VIOLATION OF 7 C.F.R. PART 3560.103

54. Plaintiff adopts and re-alleges paragraphs 1-53 above, and incorporates them as if stated verbatim herein.

55. By entering into the Real Estate Mortgage, Defendants subjected the Property to regulations promulgated by the Secretary of Agriculture at 7 C.F.R. Part 3560.1, *et seq*.

56. 7 C.F.R. Part 3560.103(a)(3) required Defendants to "maintain [the Property] in compliance with local, state and federal laws and regulations and according to [enumerated] Agency requirements for affordable, decent, safe, and sanitary housing."

57. Those enumerated Agency requirements included, among other things, non-delegable duties for Defendants to:

    a. install windows in the Property that are easily operable;

    b. install smoke alarms in the Property located according to local code and which operate properly; and

      c. establish systems for regular, responsive, and preventative maintenance of the Property.

58. In their ownership, control, maintenance, and upkeep of the Property, Defendants violated 7 C.F.R. Part 3560.103, *et seq.* by:

      a. failing to install windows in the Property that were easily operable;

      b. failing to install or maintain an operable smoke alarm in the bedroom of the Labelle Residence;

      c. failing to install or maintain an operable smoke alarm on the ceiling or wall in the immediate vicinity of the bedroom in the Labelle Residence;

      d. failing to install smoke alarms in the Property which operated properly; and

      e. failing to establish systems for regular, responsive, and preventative maintenance of the Property.

59. Defendants' violations of 7 C.F.R. Part 3560.103, *et seq.* as alleged in herein were the direct and proximate cause of the bodily injury, pain and suffering, mental anguish, and death of Azariah Labelle.

60. As a result of Defendants' violations of 7 C.F.R. Part 3560.103, *et seq.*, Plaintiff is entitled to damages in an amount to be determined by the enlightened conscience of a jury.

## **COUNT II – VIOLATION OF 7 C.F.R. PART 3560.156 – BREACH OF LEASE**

61.  Plaintiff adopts and re-alleges paragraphs 1-60 above, and incorporates them as if stated verbatim herein.

62.  Defendants and Jessica Labelle entered into the Lease pursuant to 7 C.F.R. Part 3560.156.

63.  The Lease included non-delegable duties for Defendants to:

   a. comply with the requirements of applicable building and housing codes materially affecting health and safety; and

   b. maintain the buildings and any common areas in a decent, safe, sanitary condition in accordance with local housing codes and [U.S. Department of Agriculture, Rural Development Program] regulations, and may be held liable for failure to do so.

64.  Defendants breached the lease, and thereby violated 7 C.F.R. Part 3560.156, by:

   a. failing to install or maintain windows in the Property that were easily operable;

   b. failing to install or maintain an operable smoke alarm in the bedroom of the Labelle Residence;

   c. failing to install or maintain an operable smoke alarm on the ceiling or wall in the immediate vicinity of the bedroom in the Labelle Residence;

   d. failing to install smoke alarms in the Property which operated properly; and

   e. failing to establish systems for regular, responsive, and preventative maintenance of the Property.

65. Defendants' breaches of the lease and consequent violations of 7 C.F.R. Part 3560.156 as alleged in herein were the direct and proximate cause of the bodily injury, pain and suffering, mental anguish, and death of Azariah Labelle.

66. As a result of Defendants' breaches of the lease and consequent violations of 7 C.F.R. Part 3560.156, Plaintiff is entitled to damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT III – WRONGFUL DEATH (SDCL § 21-5-1, *et seq.*)

67. Plaintiff adopts and re-alleges paragraphs 1-66 above, and incorporates them as if stated verbatim herein.

68. Defendants had a non-delegable duty owed to the occupants of the Labelle Residence, including Azariah Labelle, to use reasonable care in the control, inspection, upkeep, maintenance, management, repair, and servicing of the Property so as to keep the occupants safe from foreseeable harm and free from potential dangers.

69. Defendants breached their non-delegable duty of reasonable care to the occupants of the Labelle Residence, including Azariah Labelle, by:

      a. failing to install or maintain windows in the Property that were easily operable;

      b. failing to install or maintain an operable smoke alarm in the bedroom of the Labelle Residence;

    c. failing to install or maintain an operable smoke alarm on the ceiling or wall in the immediate vicinity of the bedroom in the Labelle Residence;

    d. failing to install or maintain a fire alarm system in the Property;

    e. failing to install or maintain an automatic sprinkler system in the Property; and

    f. failing to warn the occupants of the Labelle Residence of the dangerous conditions therein and in the Property alleged herein;

70. Defendants' breaches, wrongful acts, neglects, and omissions, as alleged herein, were the direct and proximate cause of the bodily injury, pain and suffering, mental anguish, and death of Azariah Labelle

71. As a result of Defendants' breaches, wrongful acts, neglects, and omissions alleged herein, Plaintiff is entitled to damages for wrongful death pursuant to SDCL § 21-5-1, *et seq.* in an amount to be determined by the enlightened conscience of a jury.

**WHEREFORE,** Plaintiff respectfully prays for:

    a. For general and special damages in an amount sufficient to compensate Plaintiff for the damages caused by Defendants' violations, breaches, wrongful acts, neglects, and omissions as set forth in this Complaint;

    b. For any and all costs, disbursements, and attorney's fees in this action;

    c. For prejudgment interest according to the laws of the State of South Dakota; and

    d. That Plaintiff have other such relief as the Court deems just and proper.

DATED this the 15th day of November, 2023.

                **DELANEY NIELSEN SANNES P.C.**

                By: */s/ Thomas L. Sannes*
                THOMAS L. SANNES
                Attorney for Plaintiff
                P. O. Box 615 | 21 West 6th Avenue
                Webster, SD 57274
                (605) 345-3321

## **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jessica Labelle, as Personal Representative of the Estate of Azariah Labelle

**(b)** County of Residence of First Listed Plaintiff: Day
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tom Sannes; Delaney Nielsen Sannes P.C.
21 W. 6th Ave., Webster, SD 57274 (605) 345-3321

## DEFENDANTS
Waubay Housing Association, Inc. and Steffensen Property Management, LLC

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eric C. Schulte; Davenport, Evans, Hurwitz & Smith, LLP
206 W. 14th St., Sioux Falls, SD 57104 (605) 336-2880

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1471, et seq.; 7 C.F.R. Part 3560, et seq.

Brief description of cause:
Violation of Title V of the Housing Act of 1949 and corresponding Codes of Federal Regulations

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/15/2023 | /s/ Thomas L. Sannes |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____